Michael O'ROURKE Through His Next Friend, Jeff
Rosenzweig *v.* STATE of Arkansas

CR 89-145                                    825 S.W.2d 262

Supreme Court of Arkansas
Opinion delivered February 24, 1992

*Jeff Rosenzweig*, for petitioner.

*Winston Bryant*, Att'y Gen., by: *Jack Gillean*, Asst. Att'y
Gen., for responsent.

PER CURIAM. In 1986 the petitioner Michael O'Rourke was
found guilty of capital murder and sentenced to death. We
affirmed. *O'Rourke v. State*, 295 Ark. 57, 746 S.W.2d 52 (1988).
Petitioner subsequently filed a petition to proceed in circuit court
pursuant to Criminal Procedure Rule 37. On February 27, 1989,
we granted petitioner permission to apply to the circuit court for
an evidentiary hearing on two allegations of ineffective assistance
of counsel. *O'Rourke v. State*, 298 Ark. 144, 765 S.W.2d 916
(1989). After an evidentiary hearing was held at which petitioner
was represented by appointed counsel, Jeff Rosenzweig, the trial
court entered an order denying post-conviction relief. Shortly
after Mr. Rosenzweig lodged the record on appeal of the order,
petitioner filed a *pro se* motion in which he stated that he did not
wish to pursue the appeal or further litigation. Recognizing that a
condemned person may waive collateral challenges to his convic-
tion and sentence provided he is mentally competent to do so, we
remanded the case to the trial court for an evidentiary hearing on
whether petitioner was competent to waive the collateral chal-
lenge advanced under Rule 37. *O'Rourke v. State*, 300 Ark. 323,
718 S.W.2d 938 (1989). The court on remand found appellant

competent, and we subsequently dismissed the appeal.

Jeff Rosenzweig, as Next Friend of the petitioner, has now filed a motion in this court seeking to reinstate the Rule 37 appeal. Mr. Rosenzweig states in the motion that after this court dismissed the appeal in 1989, he (Rosenzweig), believing petitioner O'Rourke to be incompetent, filed a petition in the United States District Court seeking appointment as Next Friend and permission to pursue petitioner's habeas corpus remedies in federal court on petitioner's behalf. The District Court subsequently ordered a psychiatric evaluation of petitioner which was conducted by Dr. Daryl Matthews of the University of Arkansas Medical School Department of Psychiatry. Apparently, Dr. Matthews conducted the evaluation in the latter half of 1991, a year or more after the 1990 psychiatric evaluation relied on by the trial court when it found petitioner competent to dismiss the Rule 37 appeal.[1] Upon receipt of Dr. Matthews' evaluation, the District Court on January 16, 1992, entered an order in which it accepted the findings of Dr. Matthews that petitioner was suffering at that time from an intermittent delusional disorder which resulted in his not having the capacity to make a knowing, understanding, and voluntary waiver of the review of his conviction and death sentence in the trial and appellate levels of the state and federal courts. The District Court further found that because of petitioner's impaired capacity, it was not necessary to determine his own wishes as to whether to pursue post-conviction remedies. The District Court appointed Rosenzweig as Next Friend and counsel for petitioner. The court noted that the state was unwilling to waive the requirement that petitioner exhaust all available state remedies and stayed the federal proceedings until all the proceedings in state court were concluded. The motion now before us asks that the appeal of the order which denied Rule 37 relief be opened in light of the District Court's order of January 16, 1992.

---

[1] The 1990 evaluation ordered by the trial court was conducted by Dr. O. Wendall Hall, Forensic Medical Director at the Arkansas State Hospital on July 30, 1990. The report was filed September 20, 1990, and made a part of the record before the trial court at the hearing on petitioner's competence. Information available to this court about the 1991 evaluation conducted by order of the District Court is derived from the District Court Order of January 16, 1992.

When this court dismissed the appeal of the order which denied petitioner's Rule 37 petition in January 1991, we did so because it had been determined by the trial court after a psychiatric evaluation conducted at the Arkansas State Hospital that appellant had the capacity to appreciate his position and make a rational choice with respect to continuing or abandoning further litigation. We are not persuaded by appellant's Next Friend or the state that there is any just cause to reinstate the appeal now simply because another psychiatric examination conducted later caused the District Court to find that petitioner is not competent at this time.

■ We have been given no reason to conclude that a finding that the petitioner is presently suffering a mental disability is relevant to his mental capacity at the time he waived his right to appeal. As we determined him competent to enter a waiver at the time it was done, the waiver stands. There must be some stability in criminal cases. We decline to negate an action of this court which was entirely appropriate to the legal circumstances which existed when the action was taken.

Motion denied.